UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

EARL SYLVESTER TURNER,
          *Defendant-Appellant.*

No. 00-4224

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-99-119)

Submitted: November 30, 2000

Decided: January 9, 2001

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

David B. Hargett, MORRISSEY & HERSHNER, P.L.C., Richmond, Virginia, for Appellant. Sara Elizabeth Flannery, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Earl Sylvester Turner was indicted in April 1999 for possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C.A. § 841 (West 1999), 18 U.S.C. § 2 (1994). His first trial ended in a mistrial due to a hung jury. Turner was tried again and convicted on both counts with which he was charged, and the court sentenced him to 175 months in prison. Turner timely appealed. Turner's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising two issues, but stating that, in his view, there are no meritorious issues for appeal. Turner was advised of his right to file a pro se supplemental brief and has done so, raising two additional issues. Because we find that the assignments of error lack merit and discern no other error in the record, we affirm.

Turner asserts that the district court erred by failing to provide him with a transcript of the first trial that ended in a mistrial. However, because Turner did not ask for a copy of the transcript until after the close of evidence in his second trial, we find that he waived his right to obtain a copy. *United States v. Talbert*, 706 F.2d 464, 470 (4th Cir. 1983). Moreover, because it does not conclusively appear from the record that counsel was ineffective for failing to request a transcript of the mistrial, we find that Turner's ineffective assistance claim should be raised in a 28 U.S.C.A. § 2255 (West Supp. 2000) motion and not on direct appeal. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999), *cert. denied*, 120 S. Ct. 837 (2000).

Turner's claim that the evidence was insufficient to support his conviction also fails. The government introduced uncontroverted testimony that a government informant purchased crack cocaine from Turner. This testimony was corroborated by another witness and by an audiotape of the transaction. We find that, viewing the evidence in the light most favorable to the government, there is substantial evidence to support Turner's conviction. *Glasser v. United States*, 315 U.S. 60, 80 (1942).

Finally, Turner alleges for the first time on appeal that his sentence was illegal under *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000).

Turner was not sentenced above the statutory maximum provided in 21 U.S.C.A. § 841(b)(1)(C) (West 1999). Therefore, his conviction does not implicate the concerns raised in *Apprendi*. *United States v. Angle*, 230 F.3d 113, 2000 WL 1515159 (4th Cir. Oct. 12, 2000), *petition for reh'g filed* (4th Cir. Oct. 26, 2000) (No. 96-4662).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's order. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*